# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID KING, <br><br> Plaintiff, <br><br> v. <br><br> LEMOS, *et al.*, <br><br> Defendants. | Case No. 1:20-cv-01837-NONE-BAM (PC) <br><br> FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION FOR FAILURE TO STATE A CLAIM <br><br> (ECF No. 10) <br><br> **FOURTEEN (14) DAY DEADLINE** |

Plaintiff David King ("Plaintiff") is a state prisoner appearing *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. On December 30, 2020, this action was removed from the Superior Court of California, County of Kern. (ECF No. 1.) Together with the notice of removal, Defendants requested that the Court screen the complaint pursuant to 28 U.S.C. § 1915A. (*Id.* at 3.) Plaintiff's complaint was screened, and Plaintiff was granted leave to amend. Plaintiff's first amended complaint, filed on April 30, 2021, is currently before the Court for screening.

**I.     Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary

1

relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

## II. Plaintiff's Allegations

Plaintiff is currently housed at California Correctional Institution ("CCI") in Tehachapi, California. Plaintiff alleges the events alleged in the complaint occurred at CCI and at Folsom State Prison ("FSP"). In his amended complaint, Plaintiff states that he wishes to add the California Department of Corrections and Rehabilitation ("CDCR") and "delete the two wardens; Hill and Sullivan from the complaint." Plaintiff lists the following defendants in the caption: (1) Lemos, Sergeant at FSP, (2) Crawford, Correctional Officer at FSP, (3) C. Alcazar, at FSP, (4) Wilson, Correctional Officer at CCI, (5) Beckett, Sergeant at CCI, and (6) Carrillo, Correctional Officer at CCI.

Plaintiff alleges that on April 2-4, 2018, he was moved three times from building to building for refusing to cell with a gang member. Plaintiff was kept on the yard for three hours each time, with his property, and he received a rules violation report. Plaintiff was put up for transfer after being at FSP for thirteen years.

Plaintiff was then transferred to San Quentin, but was told his transfer "didn't stick" and

that he would be transferred to CCI. He was transferred to CCI without a committee action. During the transfer, Plaintiff was moved to four different institutions in what inmates call "bus therapy" as retaliation. During the nine-day transfer, Plaintiff was not allowed to shower or meet hygiene needs. When Plaintiff arrived at CCI, most of his property was confiscated and including his J-Winn radio, which he found out later was given to another inmate. Legal mail that he sent out to the courts did not arrive even though the prison assured him that the mail was sent out on at least three occasions.

Plaintiff alleges harassment. On April 2, 2018, Plaintiff was told by an inmate housing clerk that Defendant Crawford wanted Plaintiff to move from "his side" of the building. The cell they wanted to put Plaintiff in was occupied by a known gang member. Plaintiff told the officers that he would move, but not with the gang member. Plaintiff was put in a holding cell because he refused to move. Sgt. Lemos came to the holding cell, and Plaintiff said he did not want to go into a cell with a gang member because he would be labeled a gang member as that happened to him before. Sgt. Lemos told Plaintiff you are going to move to that cell and when Plaintiff again told Sgt. Lemos he did not want to move because he would then be labeled a gang member, Sgt. Lemos said Plaintiff would be an RVR for delaying a peace officer. Plaintiff was then told he was moving out of the building which Plaintiff alleges was "in retaliation for refusing to move."

Plaintiff was moved to Building 3on April 2, 2018, then to Building 1 on April 3, 2018. When Defendant Crawford saw Plaintiff, he said "What are you doing back here?" On April 4, 2018, Plaintiff was moved back to building #3 by Sgt. Lemos and Defendant Crawford because they did not want Plaintiff in the building. Plaintiff alleges this amounted to harassment because this was not procedure or department policy. There was no need to move him so many times.

In May 2018, Plaintiff was unexpectedly put up for transfer after 13 years at FSP. In July, 2018, Plaintiff was endorsed to San Quentin. Plaintiff had agreed with the counselor to go to San Quentin. On September 24, 2018, Plaintiff got on the bus for transfer to San Quentin. When he arrived, he was told that the endorsement "didn't stick" and that he would be going to CCI. This was in violation of California Code of Regulations, as there was not a committee meeting. The non-committee transfer to CCI had an adverse effect because Plaintiff is unable to get visits from

3

family, who live in the Sacramento area. Plaintiff learned that C. Alcazar, acting as CSR, approved this non-committee endorsement without Plaintiff's knowledge. Plaintiff suffered 9 days of "bus therapy" of the harsh conditions. This was harassment because it was not procedure.

Plaintiff alleges that "legal mail sent from prison to the courts never was sent or did not arrive on at least three occasions" denying his right to access the courts.

Upon arriving at CCI, most of his property was confiscated, in violation of the Department Operation Manual, which says he should have been informed the items which would not be accepted at receiving institution. Items of property were lost. Plaintiff utilized the post deprivation remedy and agreed to settlement of the radio portion of his property but has not been compensated to date.

As remedies, Plaintiff requests compensatory and punitive damages.

### III. Discussion

Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to state a cognizable claim under 42 U.S.C. § 1983. Despite being provided relevant legal and pleading standards, Plaintiff has been unable to cure the deficiencies.

**A. Federal Rule of Civil Procedure 8**

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. at 1974). While factual allegations are accepted as true, legal conclusions are not. *Id.; see also Twombly*, 550 U.S. at 556–557.

Although Plaintiff's complaint is short, it, once again, is not a plain statement of his claims. As a basic matter, the complaint does not clearly state what happened, when it happened or who was involved. The allegations in the second amended complaint are less clear than the prior complaint. Specifically, Plaintiff fails to identify the facts of what each of the defendants

did or did not do which caused his constitutional violations. The allegations are mere "threadbare recitals of the elements of the cause of action." It is unclear what each defendant did in response to Plaintiff's complaint of pain. Despite being advised he must allege facts of what each defendant did to violation his rights, Plaintiff has been unable to cure this deficiency.

**B.     Federal Rule of Civil Procedure 18 and 20**

Plaintiff may not bring unrelated claims against unrelated parties in a single action. Fed.R. Civ. P. 18(a), 20(a)(2); *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007); *Mackey v. Price*, 2020 WL 7319420, at *3–4 (E.D. Cal. Dec. 11, 2020), report and recommendation adopted, 2021 WL 843462 (E.D. Cal. Mar. 5, 2021). Plaintiff may bring a claim against multiple defendants so long as (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are commons questions of law or fact. Fed. R. Civ. P. 20(a)(2); *Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997). The "same transaction" requirement refers to similarity in the factual background of a claim. *Id.* at 1349. Only if the defendants are properly joined under Rule 20(a) will the Court review the other claims to determine if they may be joined under Rule 18(a), which permits the joinder of multiple claims against the same party.

The first amended complaint continues to join claims that are unrelated.  The claims for conduct at FSP are unrelated to claims for conduct at CCI. Plaintiff may not bring allegations regarding events at FSP with events occurring at CCI. As Plaintiff is attempting to bring multiple claims that arose from different and unrelated occurrences and institutions, his complaint violates Federal Rules of Civil Procedure 18 and 20.

Moreover, venue for claims for events at FSP belong in the Sacramento Division of the United States District Court for the Eastern District of California.  Therefore, these claims should have been filed in the Sacramento Division.  Plaintiff has been unable to cure this deficiency.

**C. Eleventh Amendment Immunity**

"The Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state." *Brooks v. Sulphur Springs Valley Elec. Co-op.*, 951 F.2d 1050, 1053 (9th Cir. 1991) (citing *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984)). This

5

jurisdictional bar includes "suits naming state agencies and departments as defendants," and it applies whether plaintiffs "seek damages or injunctive relief." *Brooks*, 951 F.2d at 1053; *Pennhurst State School*, 465 U.S. at 102. "[A]n entity with Eleventh Amendment immunity is not a "person" within the meaning of § 1983." *Howlett By & Through Howlett v. Rose*, 496 U.S. 356, 365 (1990).

Plaintiff has named the CDCR as a defendant. The CDCR is a state agency and is therefore immune from suit under the Eleventh Amendment. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989) ("Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties."); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) (holding that Eleventh Amendment immunity extends to state agencies.) The CDCR is immune from suit.

**D. Loss of Personal Property**

Prisoners have a protected interest in their personal property. *Hansen v. May*, 502 F.2d 728, 730 (9th Cir. 1974). An authorized, intentional deprivation of property is actionable under the Due Process Clause; *see Hudson v. Palmer*, 468 U.S. 517, 532, n. 13 (1984) (citing *Logan v. Zimmerman Brush Co*., 455 U.S. 422, 435–36 (1982)); *Quick v. Jones*, 754 F.2d 1521, 1524 (9th Cir. 1985), however, "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available," *Hudson*, 468 U.S. at 533.

Plaintiff complains that when he arrived at CCI, his radio and other property were taken. However, Plaintiff has no cognizable due process claim with respect to any allegedly unauthorized deprivation of his personal property, whether intentional or negligent, since a meaningful state post-deprivation remedy for his loss is available to him. *See Hudson*, 468 U.S. at 533. California's tort claim process provides an adequate post-deprivation remedy. *Barnett v. Centoni*, 31 F.3d at 813, 816-17 (9th Cir. 1994) ("[A] negligent or intentional deprivation of a prisoner's property fails to state a claim under section 1983 if the state has an adequate post

deprivation remedy."); *see also Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1120 (S.D. Cal. 2007); *Kemp v. Skolnik*, No. 2:09-CV-02002-PMP, 2012 WL 366946, at *6 (D. Nev. Feb. 3, 2012) (finding prisoner's alleged loss or destruction of newspaper, magazines, and books failed to state a Fourteenth Amendment claim pursuant to *Hudson* and noting that "[i]f Plaintiff wishes to recoup the value of the alleged lost materials, he will have to file a claim in small claims court in state court.").

Plaintiff alleges he pursued a post deprivation remedy, settled the dispute but his claim has not been paid. This dispute is not a due process violation and arises possibly out of state contractual law. Since, as discussed infra, Plaintiff does not state a cognizable violation of any constitutional right, the Court will decline to exercise supplement jurisdiction as to this state law claim. Under 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the "district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution," except as provided in subsections (b) and (c). The Supreme Court has stated that "if the federal claims are dismissed before trial, ... the state claims should be dismissed as well." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966).

Although the Court may exercise supplemental jurisdiction over state law claims, Plaintiff must first have a cognizable claim for relief under federal law. 28 U.S.C. § 1367. Plaintiff has failed to state a cognizable claim.

### E. Deliberate Indifference to Conditions of Confinement

Plaintiff attempts to present an Eighth Amendment claim for conditions of confinement for his transfer without being able shower or attend to unspecified hygiene needs for nine days.

Conditions of confinement may, consistent with the Constitution, be restrictive and harsh. *See Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006); *Osolinski v. Kane*, 92 F.3d 934, 937 (9th Cir. 1996); *Jordan v. Gardner*, 986 F.2d 1521, 1531 (9th Cir. 1993) (en banc). Prison officials must, however, provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." *Toussaint v. McCarthy*,

801 F.2d 1080, 1107 (9th Cir. 1986), abrogated in part on other grounds by *Sandin v. Connor*, 515 U.S. 472 (1995); *see also Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000); *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982); *Wright v. Rushen*, 642 F.2d 1129, 1132-33 (9th Cir. 1981).

Two requirements must be met to show an Eighth Amendment violation. *Farmer*, 511 U.S. at 834. "First, the deprivation must be, objectively, sufficiently serious." *Id.* (internal quotation marks and citation omitted). Second, "prison officials must have a sufficiently culpable state of mind," which for conditions of confinement claims, "is one of deliberate indifference." *Id.* (internal quotation marks and citation omitted). Prison officials act with deliberate indifference when they know of and disregard an excessive risk to inmate health or safety. *Id.* at 837. The circumstances, nature, and duration of the deprivations are critical in determining whether the conditions complained of are grave enough to form the basis of a viable Eighth Amendment claim. *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2006). Mere negligence on the part of a prison official is not sufficient to establish liability, but rather, the official's conduct must have been wanton. *Farmer*, 511 U.S. at 835; *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998).

Plaintiff fails to state a cognizable claim for deprivation of constitutional conditions. Objectively, extreme deprivations are required to make out a conditions-of-confinement claim and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. *Hudson v. McMillian*, 503 U.S. at 9. Although the Constitution "does not mandate comfortable prisons," *Wilson v. Seiter*, 501 U.S. 294, 298, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991) (quoting *Rhodes*, 452 U.S. at 349, 101 S.Ct. 2392), "inmates are entitled to reasonably adequate sanitation, personal hygiene, and laundry privileges, particularly over a lengthy course of time." *Howard*, 887 F.2d at 137. Temporary unconstitutional conditions of confinement do not necessarily rise to the level of constitutional violations. See *Anderson v. County of Kern*, 45 F.3d 1310 (9th Cir. 1995) citing *Hoptowit v Ray*, 682 F.2d 1237, 1258 (9th Cir. 1982) (abrogated on other grounds by *Sandin*, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (in evaluating challenges to conditions of confinement, length of time the prisoner must go without basic human needs may be considered).

8

Plaintiff's allegations of being denied a shower for nine days and for denial of some unspecified hygiene needs do not suffice to show that Plaintiff was deprived of a basic human need and do not state a cognizable claim. *Grant v. California Dep't of Corr.*, No. 1:17CV00682-DAD-JLT, 2019 WL 1508057, at *7 (E.D. Cal. Apr. 5, 2019) (Plaintiff's allegations do not state that he went without a shower for his entire time at PBSP, but even so, a mere nine days without a shower is too temporary to constitute a violation of the Eighth Amendment.) Plaintiff has been unable to cure this deficiency.

### F. First Amendment Claims - Mail

Under the First Amendment, prisoners have a right to send and receive mail. *Witherow v. Paff*, 52 F.3d 264, 265 (9th Cir. 1995) (per curiam). However, a prison may adopt regulations or practices for inmate mail which limit a prisoner's First Amendment rights as long as the regulations are "reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 89, (1987). "When a prison regulation affects outgoing mail as opposed to incoming mail, there must be a 'closer fit between the regulation and the purpose it serves.'" *Witherow*, 52 F.3d at 265 (quoting *Thornburgh v. Abbott*, 490 U.S. 401, 412 (1989)). Courts have also afforded greater protection to legal mail than non-legal mail. *See Thornburgh*, 490 U.S. at 413. Isolated incidents of mail interference or tampering will not support a claim under section 1983 for violation of plaintiff's constitutional rights. *See Davis v. Goord*, 320 F.3d 346, 351 (2d. Cir. 2003); *see also Crofton v. Roe*, 170 F.3d 957, 961 (9th Cir. 1999) (emphasizing that a temporary delay or isolated incident of delay of mail does not violate a prisoner's First Amendment rights). Generally, such isolated incidents must be accompanied by evidence of an improper motive on the part of prison officials or result in interference with an inmate's right of access to the courts or counsel in order to rise to the level of a constitutional violation. *See Smith*, 899 F.2d at 944.

A prison's interference with legal mail may also violate an inmate's right of access to the courts which is protected by the First Amendment's right to petition the government and the due process clause of the Fourteenth Amendment. *See Snyder v. Nolen*, 380 F.3d 279, 290-291 (7th Cir. 2004) (discussing the development of cases concerning a prisoner's right of access to the courts). Prison officials may not actively interfere with an inmate's right to litigate. *Silva v.*

*Vittorio*, 658 F.3d 1090, 1103 (9th Cir. 2011), overruled on other grounds by *Richey v. Dahne*, 807 F.3d 1202, 1209 n. 6 (9th Cir. 2015). In order to state a claim for the denial of access to the courts, a plaintiff must allege he suffered an actual injury, which is prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or present a non-frivolous claim. *Lewis v. Casey*, 518 U.S. 343, 349 (1996).

Plaintiff fails to state a First Amendment claim for denial of sending mail. The allegations are conclusory, do not state who was involved, or what institution the events occurred at, or whether Plaintiff suffered any harm. Plaintiff was advised of the requirement to plead a First Amendment violation, but has failed to cure the deficiency.

### G. Transfer to Preferred Institution/Housing Assignment

Any claim premised on the defendants' alleged failure to house plaintiff at a particular institution fails because Plaintiff is not entitled to be transferred to any particular prison. *See Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Meachum v. Fano*, 427 U.S. 215, 225 (1976); *Montayne v. Haymes*, 427 U.S. 236, 242 (1976) (It is well settled that prisoners have no constitutional right to placement in any particular prison, to any particular security classification, or to any particular housing assignment.

### H. First Amendment - Retaliation

Plaintiff alleges he was moved in retaliation for failing to cell with an inmate.

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567–68 (9th Cir. 2005); accord Watison v. Carter, 668 F.3d 1108, 1114–15 (9th Cir. 2012); Silva, 658 at 1104; Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

Plaintiff offers no facts which could plausibly state a cognizable retaliation claim. Plaintiff was given a committee hearing regarding the transfer and agreed to the transfer to San Quentin. There is no indication from the allegations in the complaint that any individual took an

10

adverse action against Plaintiff because of any protected activity or that the actions of any defendant had a chilling effect on Plaintiff's future First Amendment activities or that he suffered any harm that was more than minimal. There is no allegation that any of the defendants had any authority over the transfer or were responsible for the "bus therapy," trip or for the ultimate assignment to CCI. Further, the claim is improperly joined with unrelated claims and filed in the wrong Division of the District.

### I. Violation of Title 15 or CDCR Policies

The mere violation of a prison regulation, which may provide even more procedural protections than mandated by the Constitution, does not give rise to a cognizable claim for relief. *See, e.g., Nible v. Fink,* 828 Fed.Appx. 463 (9th Cir. 2020) (violations of Title 15 of the California Code of Regulations do not create private right of action); *Nurre v. Whitehead*, 580 F.3d 1087, 1092 (9th Cir. 2009) (section 1983 claims must be premised on violation of federal constitutional right); *Prock v. Warden*, No. 1:13-cv-01572-MJS (PC), 2013 WL 5553349, at *11-12 (E.D. Cal. Oct. 8, 2013) (noting that several district courts have found no implied private right of action under title 15 and stating that "no § 1983 claim arises for [violations of title 15] even if they occurred."); *Parra v. Hernandez*, No. 08cv0191-H (CAB), 2009 WL 3818376, at *3 (S.D. Cal. Nov. 13, 2009) (granting motion to dismiss prisoner's claims brought pursuant to Title 15 of the California Code of Regulations); *Chappell v. Newbarth*, No. 1:06-cv-01378-OWW-WMW (PC), 2009 WL 1211372, at *9 (E.D. Cal. May 1, 2009) (holding that there is no private right of action under Title 15 of the California Code of Regulations). Similarly, there is no liability under § 1983 for violating prison policy. *Cousins v. Lockyer*, 568 F.3d 1063, 1070 (9th Cir. 2009).

### IV. Conclusion and Recommendations

For the reasons stated, Plaintiff's first amended complaint fails to state a cognizable claim for relief. Despite being provided with the relevant pleading and legal standards, Plaintiff has been unable to cure the identified deficiencies and further leave to amend is not warranted. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Furthermore, IT IS HEREBY RECOMMENDED as follows:

1. The federal claims in this action be dismissed based on Plaintiff's failure to state a

cognizable claim upon which relief may be granted; and

2. The Court decline to exercise supplemental jurisdiction over Plaintiff's purported state law claims.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **May 20, 2021**          /s/ Barbara A. McAuliffe
                                  UNITED STATES MAGISTRATE JUDGE