UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID KING,<br><br>           Plaintiff,<br><br>    v.<br><br>LEMOS, *et al.*,<br><br>           Defendants. | No. 1:20-cv-01837-NONE-BAM (PC)<br><br>ORDER ADOPTING IN PART FINDINGS AND RECOMMENDATIONS, DISMISSING FEDERAL CLAIMS, AND REMANDING ACTION TO KERN COUNTY SUPERIOR COURT<br><br>(Doc. No. 11) |

Plaintiff David King is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. On July 15, 2020, plaintiff filed a complaint alleging federal and state law claims in the Kern County Superior Court, Case No. BCV-20-101532. On December 30, 2020, defendants removed the state court action to this federal district court. (Doc. No. 1.) This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On May 21, 2021, the assigned magistrate judge screened plaintiff's first amended complaint and issued findings and recommendations recommending that the federal claims in this action be dismissed, with prejudice, based on plaintiff's failure to state a cognizable claim upon which relief may be granted, and that the court decline to exercise supplemental jurisdiction over plaintiff's purported state law claim. (Doc. No. 11.) Plaintiff filed objections on June 9, 2021. (Doc. No. 12.) Plaintiff's objections do not address the magistrate judge's reasoning.

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), this court has conducted a *de novo* review of the case.  Having carefully reviewed the entire file, including plaintiff's objections, the court concludes that the magistrate judge's findings and recommendations are supported by the record and by proper analysis, except for the recommendation that plaintiff's state law claims be dismissed without prejudice.  Instead, the court agrees with plaintiff that those claims should be remanded to the Kern County Superior Court.

Under 28 U.S.C. § 1441, a defendant may remove an action filed in state court to a federal district court if the federal district courts would have had original jurisdiction over the matter.  A district court's federal-question jurisdiction extends over "only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. of Calif. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27–28 (1983).  Thus, the "presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) (internal quotations and citations omitted); *see also Merrell Dow Pharms., Inc. v. Thompson*, 478 U.S. 804, 808 (same).

The removal statute "is strictly construed and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (internal quotations and citations omitted).  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

Here, the court has screened plaintiff's first amended complaint and found that he has failed to state any cognizable claim based on federal law.  Plaintiff's surviving claims arise solely out of state-law based theories of relief.  Consequently, the exercise of removal jurisdiction is not proper here, and the matter must be remanded to state court.

/////

/////

Accordingly,

1. The findings and recommendations issued on May 21, 2021, (Doc. No. 11), are adopted, except the recommendation that plaintiff's action as to his state law claims be dismissed;
2. The federal claims in this action are dismissed, with prejudice, due to plaintiff's failure to state a claim upon which relief may be granted;
3. The remainder of this action is remanded to the Kern County Superior Court, Case No. BCV-20-101532; and
4. The Clerk of the Court is directed to assign a district judge to this case for the purpose of closing the case and then to close this case.

IT IS SO ORDERED.

Dated: **September 1, 2021**

_Dale A. Drozd_
UNITED STATES DISTRICT JUDGE